# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.                                                                            Case No. 22-CR-169

**AZIZ HASSAN BEY et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS INDICTMENT

    On August 23, 2022, a grand jury sitting in the Eastern District of Wisconsin returned an eighteen-count indictment against Aziz Hassan Bey, Letez Osiris Bey, Minister Zakar Ali, and Divine-Seven El. (Docket # 1.) All four defendants are charged in Counts One through Eight with conspiracy to commit wire fraud (Count One) in violation of 18 U.S.C. § 1349 and with wire fraud (Counts Two through Eight) in violation of 18 U.S.C. §§ 1343, 2(a), and 2(b). Aziz Bey, Letez Bey, and Ali are charged in Counts Nine through Eleven with mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 2(a), and 2(b). Aziz Bey, Ali, and El are charged in Counts Twelve through Fourteen with mail fraud in violation of 18 U.S.C. §§ 1341 and 2(a). And Aziz Bey and El are charged in Counts Fifteen through Eighteen with unlawful monetary transactions in violation of 18 U.S.C. §§ 1957 and 2(a). This case has been designated as complex, and a jury trial before the Honorable J.P. Stadtmueller will be scheduled after resolution of pretrial motions.

    Currently before me are Aziz Bey's (Docket # 62, Docket # 67), Letez Bey's (Docket # 61, Docket # 68), and Ali's (Docket # 56) motions to dismiss the counts of the indictment

against them for failure to state an offense. The government has responded in opposition to the motions. For the reasons explained below, I recommend that all three defendants' motions to dismiss be denied.

## BACKGROUND

The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 to provide emergency financial assistance to the millions suffering from the economic effects caused by the COVID-19 pandemic. (Indictment ¶ 7.) The CARES Act authorized forgivable loans through the Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") to eligible small businesses experiencing substantial financial disruption due to COVID-19. (*Id.*) To obtain a PPP loan, a qualifying business was required to submit a PPP loan application signed by an authorized representative of the business. (*Id.* ¶ 8.) The application required the business to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. (*Id.*) If a business received PPP funds, it was required to use the proceeds on payroll, mortgage interest, lease, and utility payments. (*Id.* ¶ 9.) To obtain an EIDL loan, a qualifying business was required to submit an application to the United States Small Business Administration ("SBA") and provide information such as its number of employees, gross revenues, and cost of goods sold for the 12-month period preceding the pandemic. (*Id.* ¶ 10.) Any funds issued under an EIDL loan were to be used on payroll, sick leave, production costs, and business obligations such as debts, rent, and mortgage payments. (*Id.* ¶ 11.)

The indictment charges that beginning around June 2020 and continuing through July 2021, Aziz Bey, Letez Bey, Ali, and El conspired to obtain EIDL and PPP loans under false and misleading pretenses. (*Id.* ¶¶ 25–26.) The indictment alleges that the defendants

knowingly submitted numerous EIDL and PPP loan applications containing materially false representations, including false representations that the applicant entities were functional and operational businesses, false promises to use the loan proceeds on covered business expenses, and false figures of the businesses' number of employees, monthly payroll expenses, gross revenues, and costs of goods sold. (*Id.* ¶ 27.) The defendants are charged with intending, and in fact using, the loan proceeds impermissibly for their personal benefit rather than for the funds' intended purposes. (*Id.* ¶ 29.) Aziz Bey, Letez Bey, and Ali are also charged with submitting false and fraudulent applications and claims for unemployment insurance in multiple states. (*Id.* ¶¶ 43–46.)

The indictment further charges that between January 2018 and continuing through October 2021, Aziz Bey, Ali, and El carried out a scheme to defraud lenders and the Wisconsin Department of Motor Vehicles ("DMV") by obtaining possession of motor vehicles, submitting false information to the DMV to remove liens held by the lenders from the vehicles' titles, and then re-selling the vehicles without repaying the loan amounts owed to the lenders. (*Id.* ¶¶ 49–50.) Finally, Aziz Bey and El are charged with engaging in monetary transactions involving criminally derived property in values grater than $10,000. (*Id.* ¶ 58.)

## ANALYSIS

Aziz Bey, Letez Bey, and Ali each move to dismiss the indictment against them pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) for failure to state an offense.

1.  *Legal Standard*

Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment is sufficient if it: (1) states the elements of the offense charged; (2) fairly informs

the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense. *See United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2010); *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010). Once the elements of the crime have been specified, an indictment need only provide enough factual information to enable a defendant to identify the conduct on which the government intends to base its case. *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003). "The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *Id.* (internal citation omitted). The indictment need not "exhaustively recount the facts surrounding the crime's commission." *United States v. Agostino*, 132 F.3d 1183, 1189, 1191 (7th Cir. 1997). Rather, simply tracking the language of the charging statute will generally suffice. *White*, 610 F.3d at 958–59.

On a pretrial motion to dismiss, an indictment "is reviewed on its face, regardless of the strength or weakness of the government's case." *Id.* at 958. A defendant may not, via pretrial motion, challenge the sufficiency of the government's proof. *See United States v. Yasak*, 884 F.2d 996, 1001 (7th Cir. 1989) ("A motion to dismiss is not intended to be a 'summary trial of the evidence.'"). The court dismisses an indictment only if the government's inability to prove its case appears convincingly on the face of the indictment. *United States v. Castor*, 558 F.2d 379, 384 (7th Cir. 1977).

  2. *Count One - Conspiracy to Commit Wire Fraud*

Aziz Bey, Letez Bey, and Ali are charged in Count One with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. (Indictment ¶¶ 24–31.) To establish a conspiracy charge, the government must prove that the defendant knew of the essential nature and scope

4

of the charged conspiracy and that he intended to participate in it. *United States v. Garten*, 777 F.3d 392, 399–400 (7th Cir. 2015). The defendants argue that Count One fails to allege the requisite intent to defraud required by the wire fraud statute, § 1343, stating that "[n]owhere in Count One does it include the intent to defraud element, which is needed for the United States to prove its case of wire fraud." (Docket # 56 at ¶ 2; Docket # 67 at ¶ 3; Docket # 68 at ¶ 3.)

Even assuming, *arguendo*, defendants are correct that the indictment fails to include the intent to defraud element of the federal wire fraud statute, the defendants are charged in Count One with a conspiracy offense, not a substantive violation of § 1343. "It is not necessary in a conspiracy indictment to allege with precision all the elements essential to the offense which is the object of a conspiracy; allegations clearly identifying the offense defendants conspired to commit are sufficient." *United States v. Kahn*, 381 F.2d 824, 829 (7th Cir. 1967).

The indictment easily satisfies this requirement. Count One alleges that from June 2020 to July 2021, the defendants knowingly conspired with each other to devise and participate in a scheme to defraud and obtain money and property from the SBA and two lenders by means of materially false and fraudulent pretenses and representations, using interstate wire communications. (Indictment ¶ 25.) The indictment alleges that the defendants knowingly submitted numerous EIDL and PPP loan applications containing materially false representations and articulates three examples of the alleged false representations. (*Id.* ¶ 27.) The indictment alleges that the defendants provided supporting documents to obtain the loans containing false information and falsely certified that the loan funds would be used for the programs' stated purposes when in fact, the defendants intended to and did use the loan funds for their personal benefit instead. (*Id.* ¶ 29.) The indictment alleges and articulates multiple

5

transactions allegedly taken in furtherance of the conspiracy and provides the transaction dates, amounts, business names, and business types. (*Id.* ¶ 31.) Thus, the indictment sufficiently identifies the elements of a conspiracy and the offense the defendants allegedly conspired to commit. It is recommended that the motions to dismiss Count One be denied.

       3.      *Counts Two Through Eight and Nine Through Eleven - Wire Fraud*

Defendants are charged in Counts Two through Eight with violations of the federal wire fraud statute, 18 U.S.C. § 1343. (Indictment ¶¶ 32–40.) They are also charged in Counts Nine through Eleven with wire fraud and mail fraud in violation of 18 U.S.C. §§ 1341 and 1343. "The elements of wire fraud under 18 U.S.C. § 1343 directly parallel those of the mail fraud statute, but require the use of an interstate telephone call or electronic communication made in furtherance of the scheme." *United States v. Leahy*, 464 F.3d 773, 786 (7th Cir. 2006) (internal quotation and citation omitted). Thus, the "requisite elements of these offenses . . . are three: (1) a scheme to defraud; (2) an intent to defraud; and (3) use of the mails or wires in furtherance of the scheme." *Id.* "Cases construing one are equally applicable to the other." *Id.*

The defendants argue that Counts Two through Eight and Counts Nine through Eleven (insofar as wire fraud is alleged) fail to allege the element of "use of the mails or wires in furtherance of the scheme." (Docket # 56 at ¶ 3; Docket # 67 at ¶ 4; Docket # 68 at ¶ 4.) At bottom, defendants take issue with the fact that the indictment does not track the statutory language verbatim. Section 1343 states, in relevant part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes **to be transmitted by means of wire, radio, or television communication** in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of

6

> executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1343 (emphasis added). Whereas the indictment alleges that defendants "aided and abetted by each other, with intent to defraud, knowingly devised, participated in, and carried out a scheme to defraud and obtain money and property by means of materially false and fraudulent pretenses and representations (the scheme), which scheme is described more fully below." (Indictment ¶¶ 33, 42.) In other words, the indictment does not contain the language "to be transmitted by means of wire, radio, or television communication."

But even without the specific "use of wires" language as found in the statute, the indictment clearly alleges the "use of wires" comprising the execution of the alleged fraudulent scheme. In a chart with a heading labeled "interstate wire transmission," the indictment identifies the alleged wire transmissions used in executing the alleged scheme, such as emails, online loan applications, and wire transfers. (*Id.* ¶¶ 40, 47.) "Describing the wires that brought [defendant] his final ill-gotten gains," sufficiently states the "use of wires" element of the wire fraud offense. *See United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir. 2006). For these reasons, it is recommended that the motions to dismiss these counts be denied.

   4.  *Counts Nine Through Eleven and Twelve Through Fourteen - Mail Fraud*

Aziz Bey, Letez Bey, and Ali are charged in Counts Nine through Eleven, and Aziz Bey and Ali are charged in Counts Twelve through Fourteen, with mail fraud in violation of 18 U.S.C. § 1341. Section 1341 provides, in relevant part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything

7

> represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, **places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service**, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1341 (emphasis added). As with the wire fraud counts, all three defendants argue that the indictment fails to allege the "use of mails" element because the indictment simply states that defendants "aided and abetted by each other, with intent to defraud, knowingly devised, participated in, and carried out a scheme to defraud and obtain money and property by means of materially false and fraudulent pretenses and representations (the scheme), which scheme is described more fully below." (Docket # 56 at ¶ 4; Docket # 67 at ¶ 5; Docket # 68 at ¶ 5.) As with the wire fraud counts articulated above, for Counts Nine through Eleven, the indictment includes a chart with a heading entitled "mailing and interstate wire transmissions" and specifically describes the "use of mails" Letez Bey allegedly used in execution of the alleged fraudulent scheme, i.e., "mailed debit card ending in x1442 from Bank 3 to the Consulate Milwaukee address" on September 5, 2020. (*Id.* ¶ 47.) For Counts Twelve through Fourteen, the indictment similarly articulates the "mailing" used in execution of the alleged scheme by Aziz Bey and Ali, describing the dates and what was allegedly mailed. (*Id.* ¶ 56.) As with the wire fraud offenses above, this description of the mails used sufficiently states the "use of mails" element of the alleged offense. Thus, it is recommended that the motions to dismiss these counts be denied.

5. *Counts Fifteen Through Eighteen - Unlawful Monetary Transactions*

Aziz Bey is charged in Counts Fifteen through Eighteen with unlawful monetary transactions. (Indictment ¶¶ 57–58.) While in his original motion to dismiss Bey ostensibly moved to dismiss Counts Fifteen and Seventeen (Docket # 62 at 1), he made no argument in support of the motion. In his amended motion to dismiss, however, Bey omits any reference to Counts Fifteen through Eighteen. (Docket # 67.) For these reasons, it appears Bey does not intend to pursue dismissal of these counts. Thus, to the extent Bey moves to dismiss Counts Fifteen through Eighteen, I recommend the motion be denied.

## CONCLUSION

Aziz Bey, Letez Bey, and Ali each move to dismiss the counts of the indictment charging them with conspiracy to commit wire fraud, wire fraud, and mail fraud, arguing that the indictment fails to state an offense. For the reasons explained above, I find that the indictment sufficiently states the elements of the offenses charged. Thus, I recommend that the defendants' motions to dismiss be denied.

**NOW, THEREFORE, IT IS RECOMMENDED** that Aziz Bey's (Docket # 62, Docket # 67), Letez Bey's (Docket # 61, Docket # 68), and Ali's (Docket # 56) motions to dismiss be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing

procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 18th day of July, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge