UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.                                                                                                    Case No. 22-CR-169

AZIZ HASSAN BEY et al.,

    **Defendants.**

---

### DECISION AND ORDER DENYING DEFENDANTS' MOTIONS
### FOR LEAVE TO FILE ADDITIONAL PRETRIAL MOTIONS

---

On August 23, 2022, a grand jury sitting in the Eastern District of Wisconsin returned an eighteen-count indictment against Aziz Hassan Bey, Letez Osiris Bey, Minister Zakar Ali, and Divine-Seven El. (Docket # 1.) All four defendants are charged in Count One with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349.

At a scheduling conference held with the parties on April 11, 2023, the Court set a deadline of May 12, 2023 to file pretrial motions. (Docket # 58.) The government had until June 2, 2023 to file a response and the defendants had until June 16, 2023 to file any replies. (*Id.*) On April 5, 2023, Ali filed a motion to dismiss the indictment. (Docket # 56.) On April 12, 2023, Letez Bey and Aziz Bey filed motions to dismiss the indictment. (Docket # 61 and Docket # 62.) On April 24, 2023, Letez Bey and Aziz Bey filed amended motions to dismiss. (Docket # 67 and Docket # 68.) The government timely filed its response in opposition to the defendants' motions on June 2, 2023. (Docket # 80.) The defendants did not file any replies to the government's response.

I issued a report and recommendation on July 18, 2023 recommending that all three defendants' motions to dismiss be denied. (Docket # 82.) Defendants were instructed in the recommendation that any objections to the report and recommendation must be filed within fourteen days of the date of the recommendation. (*Id.* at 9–10.) Instead of filing objections, however, on July 28, 2023, all three defendants moved to withdraw their previously filed motions to dismiss. (Docket # 83; Docket # 85; Docket # 86.) In addition, Ali and Aziz Bey moved for leave to file an additional motion to dismiss, raising a new issue. (Docket # 87; Docket # 88.) The government objects to these motions to file additional pretrial motions. (Docket # 89.) Judge Stadtmueller referred Ali's and Aziz Bey's motions for leave to file additional motions to dismiss for my consideration. (Docket # 90.) For the reasons further explained below, defendants' motions for leave to file additional motions are denied.

## ANALYSIS

Fed. R. Crim. P. 12 governs the filing of pretrial motions. Rule 12(b)(3) provides that certain motions, including a motion challenging a defect in the indictment (such as failure to state an offense), must be raised before trial. Rule 12(c)(1) provides that the court may set a deadline for the parties to make pretrial motions. Rule 12(c)(3) provides that if a party "does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." While the federal rule does not define "good cause," the plain language of the rule provides that a court may consider an untimely filing only *if* the party shows good cause. In other words, the party must proffer *some* explanation as to its tardy filing. *See, e.g.*, *United States v. Adkinson*, 916 F.3d 605, 609 (7th Cir. 2019) (finding defendant's motion "came too late because [defendant] did not abide by the court's schedule and offered no reason for his tardiness or failure to comply

2

with the district court's pretrial scheduling order"); *United States v. Suggs*, 703 F. App'x 425, 426 (7th Cir. 2017) (finding that the "district court reasonably exercised its discretion not to review the untimely motion").

While both Aziz Bey and Ali invoke the phrase "good cause," it seems the "good cause" they offer is their assertion that "the Court's consideration of this crucial issue is necessary to prevent a constructive amendment of the indictment . . . ." (Docket # 87 at ¶ 2; Docket # 88 at ¶ 2.) But this does not explain why the motion could not have been filed within the motions deadline. This is not a case where the defendants received new discovery, obtained new counsel, or where the language of the indictment changed due to a superseding indictment. Nor does this case present any sort of "unique circumstances" calling for this untimely motion to be entertained. *See United States v. Salahuddin*, 509 F.3d 858, 862–63 (7th Cir. 2007). Again, the language of the indictment has not changed. At no time in the months between the filing of their original motions in April and receiving the recommendation in July did the defendants raise this new issue. Rather, it seems that the defendants, dissatisfied with the July recommendation, decided to switch course, and offer a new argument as to why the Indictment should be dismissed. This is improper, even given the defendants' *pro se* status.

Furthermore, even if the defendants' new argument was permitted, it lacks merit. Both Aziz Bey and Ali argue that Count One of the Indictment omits an essential element for proof of a conspiracy to commit wire fraud under 18 U.S.C. § 1349, specifically, the "agreement element . . . and . . . the element that [Mr. Ali or Mr. Aziz Bey] knowingly joined it." (Docket # 87 at ¶ 4; Docket # 88 at ¶ 4.) But as both defendants specifically cite in their proposed motions (*see* Docket # 87 at ¶ 4; Docket # 88 at ¶ 4), the Indictment states that all four defendants "knowingly conspired with each other . . . to devise and participate in a scheme

to defraud and obtain money and property from the SBA and from Lenders 1 and 2 by means of materially false and fraudulent pretenses and representations . . . ." (Indictment at ¶ 25). As stated in the report and recommendation, an indictment is sufficient if it tracks the language of the charging statute. *United States v. White*, 610 F.3d 956, 958–59 (7th Cir. 2010). Once again, to establish a conspiracy charge, the government must prove that the defendant knew of the essential nature and scope of the charged conspiracy and that he intended to participate in it. *United States v. Garten*, 777 F.3d 392, 399–400 (7th Cir. 2015). As I previously found, the indictment sufficiently identifies the elements of a conspiracy and the offense the defendants allegedly conspired to commit.

Defendants argue that at trial, the Court will need to instruct the jury as to the definition of a conspiracy and that this further instruction will effectively constructively amend the indictment. (Docket # 87 at ¶¶ 5–6; Docket # 88 at ¶¶ 5–6.) But the fact a jury is further instructed as to the definition of a conspiracy does not make the language of the indictment insufficient, nor does it constructively amend or otherwise change the charge in the indictment. Nothing in the federal rules requires that the indictment include lengthy definitions or explanations to sufficiently state an offense. For all these reasons, Aziz Bey's and Ali's motions to file additional pretrial motions are denied.

**NOW, THEREFORE, IT IS ORDERED** that Aziz Bey's (Docket # 88) and Ali's (Docket # 87) motions for leave to file second or successive motions to dismiss are **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within **fourteen (14) days** of the date of service of this recommendation or order.

4

Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 7th day of August, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge