# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>AZIZ HASSAN BEY, LETEZ OSIRIS BEY, MINISTER ZAKAR ALI, and DIVINE-SEVEN EL,<br><br>　　　　　　　　　Defendants. | Case No. 22-CR-169-JPS<br><br>**ORDER** |

1.　　**PROCEDURAL BACKGROUND**

Defendants Aziz Hassan Bey ("Aziz Bey") and Minister Zakar Ali ("Ali") (together, "Moving Defendants"), along with Defendant Letez Osiris Bey ("Letez Bey") and Defendant Divine-Seven El ("El") are charged in an eighteen-count Indictment with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count One), ECF No. 1 at 5–7, and wire fraud in violation of 18 U.S.C. §§ 1343, 2(a), and 2(b) (Counts Two Through Eight), ECF No. 1 at 8–9. Aziz Bey, Ali, and Letez Bey are charged with mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 2(a), and 2(b) and 18 U.S.C. §§ 1343, 2(a), and 2(b) (Counts Nine through Eleven). ECF No. 1 at 10–11. Aziz Bey, Ali, and El are charged with mail fraud in violation of 18 U.S.C. §§ 1341 and 2(a) (Counts Twelve through Fourteen). ECF No. 1 at 12–13. Finally, Aziz Bey and El are charged with unlawful monetary transactions in violation of 18 U.S.C. §§ 1957 and 2(a) (Counts Fifteen through Eighteen). ECF No. 1 at 14.

On April 5, 2023, Ali filed a motion to dismiss the counts of the Indictment against him. ECF No. 56. On April 12, 2023, Aziz Bey and Letez

Bey each filed a motion to dismiss the counts of the Indictment against them. ECF Nos. 61, 62. On April 24, 2023 and April 25, 2023, respectively, Aziz Bey and Letez Bey each filed an amended motion to dismiss the counts of the Indictment against them. ECF Nos. 67, 68.[1]

On July 18, 2023, Magistrate Judge Nancy Joseph issued a Report and Recommendation recommending that each of the motions to dismiss be denied (the "R&R"). ECF No. 82. On July 28, 2023, during the fourteen-day objections period, Aziz Bey, Ali, and Letez Bey each filed a motion to withdraw their motions (or amended motions if applicable) to dismiss. ECF Nos. 83, 85, 86. On August 10, 2023, having received no objections to the R&R, the Court denied the motions to withdraw and reviewed the R&R on its merits. ECF No. 92 at 2 (citing *United States v. Salahuddin*, 509 F.3d 858, 862 (7th Cir. 2007)). The Court adopted the R&R in full and denied each of the underlying motions (or amended motions if applicable) to dismiss. *Id.* at 10–11.

Separately, on July 31, 2023, Moving Defendants each filed a motion for leave to file a second or successive motion to dismiss. ECF Nos. 87, 88. The Court referred the motions to Magistrate Judge Joseph. ECF No. 90. On August 7, 2023, Magistrate Judge Joseph issued a Decision and Order (the "Decision and Order") denying the motions for leave to file a second or successive motion to dismiss. ECF No. 91. In accordance with, inter alia, Federal Rule of Criminal Procedure 59, Magistrate Judge Joseph directed Moving Defendants that they may file written objections to the Decision and Order within fourteen days. *Id.* at 4 (citations omitted). Both Moving Defendants filed objections, ECF Nos. 93, 94, and the Government filed a

---

[1] El did not file any pretrial motions.

response, ECF No. 95. For the reasons set forth below, the objections will be overruled and the Decision and Order will stand as issued.

**2.      LEGAL STANDARD**

"Title 28 U.S.C. § 636(b)(1)(A) permits district judges to designate non-Article III magistrate judges for the determination of nondispositive pretrial motions . . . ." *United States v. Brown*, 79 F.3d 1499, 1503 (7th Cir. 1996) (citing *Estate of Conners v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) and *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1245 (7th Cir. 1985) (Flaum, J., concurring)). The Decision and Order is nondispositive "because it does not dispose of a charge or offense." *United States v. Williams*, No. 17-CR-113-PP, 2019 WL 5485540, at *6 (E.D. Wis. Oct. 25, 2019) (citing *United States v. Dyer*, No. 15-CR-115-JPS, 2016 WL 6988843, at *3 (E.D. Wis. Nov. 29, 2016)); *see also* 28 U.S.C. § 636(b)(1)(A) (motion for leave to file successive motion to dismiss not listed as matter excepted from those a magistrate judge may "hear and determine").

When reviewing a magistrate judge's nondispositive order, the Court "must consider timely objections" but "may reconsider the magistrate's decision only 'where it has been shown that the magistrate's order is clearly erroneous or contrary to law.'" 28 U.S.C. § 636(b)(1)(A); *Brown*, 79 F.3d at 1503 (quoting § 636(b)(1)(A)).

**3.      FACTUAL BACKGROUND**

The Court summarized the facts set forth in the Indictment in its August 10, 2023 order adopting the R&R. ECF No. 92 at 3–5. The Court adopts that recitation of the facts for purposes of this Order.

**4.      ANALYSIS**

Magistrate Judge Joseph denied the motions for leave to file a second or successive motion to dismiss on two bases.

First, Magistrate Judge Joseph held that Moving Defendants failed to establish "good cause" for their tardy filings. ECF No. 91 at 2 (citing Fed. R. Crim. P. 12(c)(3) ("If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause.")). The sole "good cause" Moving Defendants offered was their argument that "the Court's consideration of this crucial issue is necessary to prevent a constructive amendment of the indictment . . . ." *Id.* at 3 (quoting ECF No. 87 at 1–2; ECF No. 88 at 1–2). Magistrate Judge Joseph found that this contention did not set forth any reason "why the motion could not have been filed within the motions deadline." *Id.* Magistrate Judge Joseph further reasoned that there was no good cause because the language of the Indictment has not changed, Moving Defendants have not received new discovery or obtained new counsel, and no other "unique circumstances" call for the untimely motion to be reviewed. *Id.* (citing *Salahuddin*, 509 F.3d at 862–63).

Second, Magistrate Judge Joseph held that even if she were to grant leave, the argument raised in the proposed second motions to dismiss fails on its merits. ECF No. 91 at 3–4. The proposed motions raised the argument that the Indictment lacks the "agreement element . . . and . . . the element that [Moving Defendants] knowingly joined" the conspiracy for purposes of Count One. *Id.* at 3 (quoting ECF No. 87 at 2–4; ECF No. 88 at 2–4). As she did in the R&R, ECF No. 82 at 5, Magistrate Judge Joseph explained once again that the Indictment, which charges "that all four defendants 'knowingly conspired with each other . . . to devise and participate in a scheme to defraud and obtain money and property . . . by means of materially false and fraudulent pretenses and representations,'" sufficiently

states the required elements of the conspiracy charged in Count One. ECF No. 91 at 3–4 (quoting ECF No. 1 at 5).

In their objections, Moving Defendants rehash the arguments they raised before Magistrate Judge Joseph. They reiterate that the "good cause" for their untimely motions is that "add[ing] the missing elements to [the] jury instructions during trial" would lead to "a constructive amendment of the indictment." ECF No. 93 at 2–3; ECF No. 94 at 2–3. They further continue to assert that the Indictment lacks the "agreement" element for purposes of Count One. ECF No. 93 at 3–5; ECF No. 94 at 3–5. Neither of these arguments demonstrates that the Decision and Order was clearly erroneous or contrary to law. *See, e.g.*, *United States v. Owens*, No. 16-CR-38-JPS, 2016 WL 7351270, at *3–4 (E.D. Wis. Dec. 19, 2016) (under Rule 59(a), "[the defendant's] objections largely rehash the arguments Magistrate Jones rejected, and this Court is obliged to reject them for the same reasons").

Nonetheless, the Court concurs in both of Magistrate Judge Joseph's holdings. First, Moving Defendants fail to articulate a basis for a good cause finding given that the Indictment has been available to them, unchanged, for over a year. *United States v. Jackson*, 5 F.4th 676, 682 (7th Cir. 2021) ("The basis upon which [the defendant's] argument hinges (the indictment) was filed two months before trial, providing him ample time to advance the argument . . . ."). They offer no changes in circumstances or unique circumstances that could alter that conclusion. *See Salahuddin*, 509 F.3d at 863 ("unique circumstances" permitting untimely review present where delay was not due to oversight or belief that party could ignore court's order at his whim, but rather "a mutual misapprehension by both the Government and the defense"). And as the Government points out, ECF No. 95 at 2–3, the fact that Moving Defendants proceed pro se is insufficient

because they timely filed other pretrial motions. *See United States v. Cox*, 54 F.4th 502, 510 (7th Cir. 2022) (no good cause where pro se defendant "demonstrated ability to comply with the pretrial deadline" by "timely filing his other . . . motions").

Second, as Magistrate Judge Joseph explained in the R&R, ECF No. 82 at 5, and the Court explained in its order adopting the R&R, ECF No. 92 at 6, "to support [a] conspiracy conviction, the Government [i]s required to prove that [the defendant] knew of the essential nature and scope of the charged conspiracy and that [the defendant] intended to participate in it." *United States v. Garten*, 777 F.3d 392, 399–400 (7th Cir. 2015) (quoting *United States v. Anderson*, 580 F.3d 639, 646 (7th Cir. 2009)). The Government must also prove that "two or more people agreed to commit an unlawful act." *United States v. Griffin*, No. 21-3326, 2023 WL 5013490, at *8 (7th Cir. Aug. 7, 2023) (quoting *United States v. Avila*, 557 F.3d 809, 814 (7th Cir. 2009)).

The Indictment sufficiently states both of these elements. *Compare* ECF No. 1 at 5 (charging that Moving Defendants "knowingly conspired with each other . . . ."), *with United States v. Ganos*, No. 18-CR-62-PP, 2019 WL 927369, at *4 (E.D. Wis. Feb. 26, 2019) ("The first paragraph tracks the language of the statute, alleging that the defendant and his co-defendants knowingly conspired (agreed)[2] with each other to devise and participate in a scheme . . . ."); *see also United States v. Willis*, 868 F.3d 549, 553, 555–56 (7th Cir. 2017) (charge that defendants "knowingly . . . conspired . . . with other persons" or where defendants are "charged with conspiring with each

---

[2]The *Ganos* court added the word "agreed" in its order, ostensibly to show that "agreed" is a synonym for "knowingly conspired." The indictment in that case uses only the words "knowingly conspired." *United States v. Ganos*, No. 18-CR-62, ECF No. 1 at 1 (E.D. Wis. Apr. 3, 2018).

other" sufficient to state agreement element) (citing *United States v. Moreland*, 703 F.3d 976, 984 (7th Cir. 2012)).

5.  **CONCLUSION**

Based on the foregoing, the Court will overrule Moving Defendants' objections, ECF Nos. 93, 94, to Magistrate Judge Joseph's Decision and Order, ECF No. 91. The Decision and Order stands as issued.

Accordingly,

**IT IS ORDERED** that Defendant Aziz Hassan Bey's objections to Magistrate Judge Joseph's August 7, 2023 order denying his motion for leave to file a second or successive motion to dismiss, ECF No. 93, be and the same are hereby **OVERRULED**; and

**IT IS FURTHER ORDERED** that Defendant Minister Zakar Ali's objections to Magistrate Judge Joseph's August 7, 2023 order denying his motion for leave to file a second or successive motion to dismiss, ECF No. 94, be and the same are hereby **OVERRULED**.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge